IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TAMELA ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-00474-KD-N |
| | ) | |
| THE CITY OF MARION, ALABAMA, | ) | |
| and DONALD GANTT, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This action is before the Court on a motion to dismiss (doc. 10) filed by the City of Marion, Alabama, a defendant herein. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the motion, (doc. 10) plaintiff's response in opposition thereto (doc. 14), plaintiff's complaint (doc. 1) and all other pertinent portions of the record, the undersigned recommends that the City of Marion's motion to dismiss be **granted, <u>in part</u> and denied, <u>in part</u>**.

I. <u>Factual and Procedural Background</u>.

Plaintiff ,Tamela Allen, filed this action under 42 U.S.C. § 1983 on August 27, 2010 (doc. 1) claiming that the defendants violated her rights under the Fourth and Fourteenth Amendments of the United States Constitution. The complaint includes claims of false arrest (Count One); unreasonable search (Count Two); negligent supervision (Count Five); and negligent training (Count Six) as a result of the alleged conduct of Defendant Donald Gantt on August 30, 2008, when he was employed as a

police officer with the City of Marion Police Department and to the report of that conduct to the Chief of Police and the Mayor of the City of Marion, Alabama. *See* Report of Parties' Planning Meeting (doc. 15) at 1 (Plaintiff's brief narrative statement of facts). Plaintiff also invokes the supplemental jurisdiction of this Court to assert the following state law claims under 28 U.S.C. § 1367[1]: assault and battery (Counts Three and Four); intentional infliction of emotional distress (Count Seven); and outrage (Count Eight).

On September 28, 2010, the instant motion to dismiss (doc. 10) was filed by the City of Marion, on the grounds, in sum, that plaintiff's claims for false arrest and illegal search fail to meet the standards set forth in Bell Atlantic Corp., v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). With respect to plaintiff's state law claims for assault and battery (Counts Three and Four), intentional infliction of emotional distress (Count Seven), and tort of outrage (Count Eight), the City of Marion argues that these claims are "based on a theory of intentional conduct by Defendant Donald Gantt . . . [and] the City cannot be liable for these intentional torts." (Doc. 10-1 at 3-4). Finally, with respect to plaintiff's claims of negligent supervision (Count Five) and negligent training (Count Six), the City of Marion

---

[1] Section 1367 of Title 28 of the United States Code provides, in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1327(a).

argues that it cannot be liable because "[n]o allegation of the Complaint indicates that the City had or should have had knowledge of the alleged incompetence of Defendant Gantt."

In response, plaintiff voluntarily "dismisses Count[s] Three, Four, Seven and Eight of her Complaint against Defendant City of Marion" but states that she will continue to prosecute these claims against Defendant Donald Gantt, who "is sued in his individual capacity only." (Doc. 14 at ¶ B; Doc. 1 at ¶ 7). Plaintiff also "dismisses her negligent training claim," which is set forth in Count Six of her Complaint. ((Doc. 14 at ¶ D; Doc. 1 at pp. 20-21). Plaintiff maintains that she is entitled to pursue her claims for false arrest (Count One); unreasonable search (Count Two); and negligent supervision (Count Five) against the Defendant City of Marion.

II. Standard of Review.

Prior to Bell Atlantic v. Twombly, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This language as it relates to the Rule 12(b)(6) standard was expressly rejected in Twombly wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6)

> motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555. The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009). The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'." Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 557. The Iqbal Court explained:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Iqbal, 129 S.Ct. at 1949-50 (citation and internal punctuation omitted). *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no

longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8. *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]"). With this legal framework in mind the Court now turns to the merits of the City of Marion's motion to dismiss.

    III.   Discussion.

        A.  Counts One (false arrest) and Two (unreasonable search).

Although the City of Marion correctly sets forth the Twombly and Iqbal standards, its argument that "Plaintiff's claims for false arrest and illegal search pursuant to 42 U.S.C. § 1983 fail to meet these standards" (doc. 10-1 at 3) must fail. The City of Marion acknowledges that "the well pleaded allegations of fact are taken as true" (*id*.), but fails to point to a specific deficiency in the 94 factual allegations supporting plaintiff's claims in these two counts of the Complaint.

The facts alleged by the plaintiff are sufficient under the Twombly and Iqbal standards. For example, it is well established that an individual has a right to be free from "unreasonable searches and seizures" and that the "reasonableness" of a search or arrest is "determined by the presence or absence of probable cause for the arrest." Skop v. City of Atlanta, GA., 485 F.3d 1130, 1137 (11th Cir. 2007). "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their

5

knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *Id*. (internal quotation marks omitted). *See also* United States v. Fisher, 140 Fed. Appx. 792, 794 (10th Cir. 2005)("To demonstrate a search or seizure is unreasonable, and thus a violation of the Fourth Amendment, [Plaintiff] must prove he had a legitimate expectation of privacy in the place searched or the item seized"). Plaintiff has set forth facts alleging a seizure by Defendant Gantt of plaintiff's person and a search of both plaintiff's vehicle and person without probable cause to believe that she had or was committing a crime. *See* Complaint (Doc. 1) at ¶¶ 11-46. Plaintiff has also alleged that the wrongful actions by Officer Gantt were ratified by the City of Marion, its council and the Mayor, who "created a policy or custom under which the unconstitutional practices occurred or were allowed to continue.". *Id.* at ¶¶ 103 and 106. Plaintiff factual allegations as to these two claims are sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Consequently, the motion filed by the City of Marion to dismiss Counts One and Two of the Complaint is due to be denied.

      B.    Count Five (negligent supervision).

The City of Marion next argues that plaintiff's allegations fail to support liability for negligent supervision and acknowledge that "[t]he key issue is whether the City of Marion knew of any alleged incompetency or if due diligence would have provided such knowledge." (Doc. 10-1 at 4). *See e.g.*, Southland Bank v. A&A Drywall Supply Co., Inc., 21 So.3d 1196, 1214-15 (Ala. 2008) (For an employer to be liable for negligent training or supervision, plaintiff must show "knowledge, either actual or presumed, of

6

such unfitness" by the employer.). *See also* Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998)(Deliberate indifference is exhibited when a "municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action."). *Cf.* Wynn v. City of Lakeland, 2010 WL 2976905, * 10 (M.D. Fla. July 20, 2010)("[A] breach of the duty to supervise [a police officer] by the City is cognizable under Florida law only "when during the course of employment, the employer becomes aware, or should have become aware of problems with an employee that indicates his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment.")

Plaintiff alleges that the City of Marion ratified Officer Gantt's conduct despite its knowledge of all the material facts. (Doc. 1 at ¶ 103). Plaintiff contends that she is entitled to conduct discovery in regard to any incidents of false arrest, illegal searches, and/or sexually harassing behavior by Officer Gantt from both his prior employers and while employed with the City of Marion.[2] The information concerning the supervision of Officer Gantt and the City's knowledge concerning the need for such supervision is arguably within the sole possession of the City and its Police Department. Plaintiff's allegations survive scrutiny under Twombly and therefore, it is recommended that the City of Marion's motion to dismiss Count Five be denied.

        C.      <u>Voluntary Dismissal of Remaining Counts by the Plaintiff</u>.

---

[2] Counsel concedes that if discovery is unproductive on this issue, plaintiff will dismiss this claim prior to the dispositive motions deadline. (Doc. 14 at p. 4)

The plaintiff has voluntarily dismissed the negligent training claim set forth in Count Six of her Complaint, but also Counts Three, Four, Seven and Eight as against the City of Marion only. Accordingly, it is recommended that those claims be dismissed as set out.

## CONCLUSION

For the reasons stated above, it is recommended that the motion to dismiss filed by the City of Marion be granted with respect to the claims asserted against it in Counts Three, Four, Six, Seven and Eight but denied as to the claims asserted in Counts One, Two and Five.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**Done** this 2nd day of December, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
# AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      Objection.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        Done this  2nd  day of December, 2010.

                                /s/ Katherine P. Nelson
                                UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).