IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMELA ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:10-0474-KD-B |
| THE CITY OF MARION, ALABAMA and DONALD GANTT, | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on *sua sponte* review of its supplemental jurisdiction over Plaintiff Tamela Allen's state claims. Pursuant to 28 U.S.C. § 1367(c)(3), this Court may decline to exercise its supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction".

Allen invoked this Court's jurisdiction pursuant to 28 U.S. C. § 1331, 1343(a)(3) and (4), and 42 U.S.C. § 1983, and alleged deprivation of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution (doc. 1). Allen brought Counts One, Two, Five, and Six against the City of Marion pursuant to 42 U.S.C. § 1983. Allen invoked this Court's supplemental jurisdiction under 28 U.S.C. § 1367, over state law claims which arise from the same facts and circumstances. Allen brought Count Three for assault and battery, Count Four for assault, Count Seven for infliction of emotional distress, and Count Eight for tort of outrage against Donald Gantt in his individual capacity pursuant to the laws of the State of Alabama.

By separate order, this Court dismissed Allen's claims against the City of Marion (doc. 44). Since all claims over which this Court had original jurisdiction have been dismissed, the Court declines to exercise its supplemental jurisdiction. In that regard, the Court of Appeals for

the Eleventh Circuit has explained that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir.) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)), *cert. denied*, 528 U.S. 820 (1999); *Arnold v. Tuskegee University*, 212 Fed.Appx. 803, 811 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7 (1988)).

Accordingly, Allen's claims against Gantt are **dismissed without prejudice**. *See Dukes v. State of Georgia*, 212 Fed.Appx. 916, 917 (11th Cir. 2006) (citing *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir.1999) (holding that if the district court decides to dismiss pendent state-law claims, "then they should be dismissed without prejudice so that the claims may be refiled in the appropriate state court").

The incidents giving rise to this complaint occurred on August 30, 2008. The limitation period for Allen's claims for assault and battery and assault are governed by Ala. Code § 6-2-34 (1975) which sets a six year period of limitation for actions for "any trespass to person or liberty, such as false imprisonment or assault and battery[.]" Allen's claims for infliction of emotional distress and tort of outrage are governed by a two year limitation period. *See Chaney v. Ala West-AL, LLC*, 22 So.3d 488, 499 (Ala. Civ. App. 2008) (recognizing that a two year statute of limitation applies to claims of intentional infliction of emotional distress and tort of outrage) (citing *Continental Cas. Ins. Co. v. McDonald*, 567 So.2d 1208, 1215 (Ala. 1990).

However, these claims are subject to the tolling provision of 28 U.S.C. § 1367(d). Thus,

Allen's limitation period "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State Law provides for a longer tolling period". 28 U.S.C. § 1367(d); *Dukes,* 212 Fed.Appx. at 917 ("Furthermore, under § 1367, the statute of limitations of the remaining pendent claims 'shall be tolled while the claim[s are] pending and for a period of 30 days after [they are] dismissed unless State law provides for a longer tolling period.'") (quoting 28 U.S.C. § 1367(d)); s*ee also Rester v. McWane, Inc.*, 2007 WL 80826, *2-3 (Ala. 2007) (explaining that limitation periods are tolled by filing the federal action and tolled when the plaintiff re-files the same claims in state court as were brought in federal court but not as to claims not asserted in the federal action) (citing *Roden v. Wright*, 611 So.2d 333 (Ala. 1992)).

DONE and ORDERED this 28th day of June, 2011.

    **s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**